## Community Public Service Co. v. Northcutt et al.

(Decided March 8, 1938.)

JOUETT & METCALF and L. M. ACKMAN for appellant.

F. A. HARRISON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This case is before us on motion for an appeal from a $325 judgment for trespass.

Appellees sought damages for injury to their property caused by appellant's placing its poles thereon and stringing its wires across their premises. Damages were also sought for an alleged nuisance caused by appellant's placing a street light of great power and brilliance within a few feet of their front door, and thereby attracting swarms of insects and making it impossible to use the porch.

It appears that the poles, wires, and lights were originally placed and strung by the Texas-Louisiana Power Company, and it was sought to charge appellant with responsibility for the former's act by the following allegation:

"That the defendant herein is the successor to the Texas-Louisiana Power Company and is the owner of its assets and responsible for the acts committed by it while the said Texas-Louisiana Power Company, its agents and employees, had it in charge."

496

It is at once apparent that the foregoing allegation is a pure conclusion of law and states no facts from which the court can determine whether or not appellant is liable for the acts of its predecessor. The petition should have stated facts showing in what way appellant became the successor to, and the owner of the assets of, the Texas-Louisiana Power Company, or should have excused their failure to plead the facts by alleging that they were peculiarly within the knowledge of appellant. We are therefore constrained to the view that the motion to strike should have been sustained.

The demurrer to the petition was properly overruled. Even though it was not made to appear by the petition that appellant was liable for the acts of the Texas-Louisiana Power Company, the trespass was a continuing one, and the facts pleaded were sufficient to show that appellant was liable during the time that it maintained the poles and wires on the premises. Cumberland Telephone & Telegraph Company v. Barnes, 101 S. W. 301, 30 Ky. Law Rep. 1290.

Appellees introduced several witnesses who testified as to the difference in the market value of the property before and after the placing of the poles and wires. Later on the court properly concluded that the injury was merely temporary, and the measure of damages was the diminution in the value of the use of the property during the continuance of the injury, and told the jury to disregard all the evidence as to the difference in the market value of the property. With that evidence eliminated, there was nothing before the jury tending to show that the value of the use of the property had been diminished. On this showing appellees were entitled only to nominal damages, and the verdict of $325 was without support in the evidence and therefore excessive.

Another contention is that the court should not have excluded from the jury the deposition of Bennett L. Smith, who detailed the steps by which appellant acquired the property of the Texas-Louisiana Power Company, and gave it as his opinion that appellant did not become responsible for the claim of plaintiffs. Whether appellant was liable for the acts of its alleged predecessor is purely a question of law to be decided by the court and not a question for the jury. Though it was proper for the court in deciding the matter to have

before it all the facts contained in the deposition, it was not error to exclude the deposition from the jury.

Wherefore, the motion for an appeal is sustained, and judgment reversed and cause remanded for a new trial in conformity with this opinion.